## PICKARD *vs.* POLHEMUS.

It is not necessary, to authorize a Justice of the Peace to take depositions under chap. 4, title 2, part 3, R. S. 1846, that proof of service of notice of taking the deposition upon the adverse party (he not being present) should be made, although the Justice would be justifiable in refusing to proceed without such notice. If the *fact* of due notice existed, and the deposition was taken and certified in due form, without proof of notice adduced to the Justice, such *fact* being proved in the Court to which the deposition is returned, entitles it to be used.

Case reserved from Washtenaw Circuit.

————, for plaintiff.

*O. Hawkins*, for defendant.

By the Court, GREEN, P. J.

The question submitted for the opinion of this Court is, whether the Circuit Court erred in excluding the deposition of Ansel Rearden, offered by the plaintiff in evidence upon the trial, and in rejecting the oral proof of service of notice of taking the deposition offered by the plaintiffs. The deposition was taken before a Justice of the Peace for the County of Washtenaw, on the 14th day of January, A. D. 1846, at the instance and on behalf of the plaintiff, the defendant not appearing before the Justice; and on the trial the defendant objected that there was no proof before the Justice who took the deposition, that notice of the taking thereof was served upon him. The Justice returned with the deposition a notice to the defendant of the time and place of taking said deposition, and upon the back of such notice was what purported to be an affidavit, showing due service of said notice, sworn to before " Geo. Danforth, Master in Chancery." The defendant insisted that a Master in Chancery had no power to administer the oath, and thereupon the plaintiff offered to prove by parol evidence that said notice was in fact duly served on the defendant,.

24

which proof being objected to, was held not to be admissible, and the deposition was not allowed to be read in evidence. To this ruling of the Court the plaintiff excepted.

The deposition was taken under chap. 4, title 2, part 3, of the R. S. of 1838, and it is not claimed that all the express requirements of the statute were not fully complied with, but it is assumed that unless the Justice had due proof of the service of notice upon the opposite party of the time and place, &c., of taking the deposition, he had no authority to take it.

It would undoubtedly have been justifiable in the Justice to have required such proof before proceeding to take the deposition, and to have refused to do so, upon failure to produce it; but such proof, if made, need not have been reduced to writing, and was not required to be returned with the deposition. If the adverse party did not attend, " the notice, if any, that was proved to the said Justice to have been given to him," was required to be returned, but not the proof of such service. If the *fact* of due notice existed, and the deposition was taken and certified in due form, *although* proof of service was not made before the Justice, such *fact* being proved in the Court to which the deposition is returned, the party obtaining it is entitled to use it in evidence.

In the case of Greenvault *vs.* Farmers' & Mechanics' Bank, 2 Doug. Mich. R. 498, cited by counsel for defendant as deciding the principle involved in this *case*, the Supreme Court held that an affidavit sworn to before a person not authorized to administer oaths, was a nullity, and that the making and filing of an affidavit was a condition, without a compliance with which, an attachment could not issue for want of jurisdiction. The statute expressly required the filing of the affidavit before an attachment should issue, and provided further, that " if any such writ should issue before such affidavit filed as aforesaid, such suit should be quashed." The case now under consideration, it will be readily perceived, is clearly distinguishable from that. Justices of the Peace were autho-

rized by statute to administer oaths and take affidavits and depositions generally. (*Laws of* 1839, *p.* 157.). The Justice, therefore, might lawfully take and certify the deposition of any person upon being required to do so, whether any notice had been given or not, but the party causing it to be taken, could only avail himself of it as evidence upon showing that he had fully complied with the statute relating thereto, by causing the requisite notice to be duly given. Nor has the adverse party any right to complain, if in fact the notice was regularly served upon him. It is entirely indifferent to him whether the party causing the deposition to be taken, should prove the service before the Justice or before the Court in which such deposition is offered to be read in evidence.

In the case of Bell *vs.* Morrison, 1 Pet. 354, the deposition offered in evidence had been taken before a magistrate, and it was objected that it was not taken in conformity with the act of Congress providing for the taking of depositions in certain cases. Mr. Justice Story, in declaring the opinion of the Court in that case, says: "Without doubt, the certificate of the magistrate is good evidence of the facts stated therein, so as to entitle the deposition to be read in evidence to the jury, if all the necessary facts are therein sufficiently disclosed. It is not denied that the reducing of the deposition to writing, in the presence of the magistrate, is a fact made material by the statute, and that proof of it is a necessary preliminary to the right of introducing it at the trial." "There ought to be direct proof that the requisitions of the statute have been fully complied with." The Court in that case do not say, that the certificate of the magistrate is the only evidence receivable to show a conformity to the requirements of the statute in taking the deposition, but seem very clearly to intimate that such proof may be introduced upon the trial, preliminary to the introduction of the deposition. And such, it is believed, is the sound principle applicable to this case.

It must therefore be certified to the Circuit Court for the County of Washtenaw, as the opinion of this Court, that the said Circuit Court erred in rejecting the testimony, offered by the plaintiff, to show that due notice was in fact served on the defendant, of the, time and place of taking the said deposition of Ansel Rearden, and. in excluding the said deposition.